§ JS 44 (Rev. 12/07) (cand rev 1-16-08) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
ROBERT SIMON

### DEFENDANTS
SHERIFF THOMAS D. ALLMAN, COUNTY OF MENDOCINO and DOES 1-20, inclusive

(b) County of Residence of First Listed Plaintiff: MENDOCINO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

JAMES F. DeMARTINI
LAW OFFICES OF JAMES F. DeMARTINI
115 West First Street
Cloverdale, CA 95425

Attorneys (If Known)

08-3380 EDL (5)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [x] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §§ 1983 and 42 U.S.C. §§ 1988 and under the common law of the State of California
Brief description of cause:
Violation of Civil Rights and Dangerous Condition of Public Property

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 1,000,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE: July 11, 2008
SIGNATURE OF ATTORNEY OF RECORD

1  JAMES F. DeMARTINI (SBN 76220)
   Attorney at Law
2  115 West First Street
   Cloverdale, California 95425
3  (707) 894-5000
   (707) 894-3127-*Fax*
4  jim@cloverdalelaw.com

5  Attorney for Plaintiff

<div style="text-align:center">

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| ROBERT SIMON,<br><br>    Plaintiff,<br><br>vs.<br><br>SHERIFF THOMAS D. ALLMAN,<br>COUNTY OF MENDOCINO and<br>DOES 1-20, inclusive,<br><br>    Defendants. | Case No. CV 08 3380 EDL<br><br>**COMPLAINT FOR MONEY DAMAGES FOR VIOLATION OF CIVIL RIGHTS; DANGEROUS CONDITION OF PUBLIC PROPERTY**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: _____ |

<div style="text-align:center">

**COMPLAINT**

**Introduction/Jurisdiction**

</div>

This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of California, against SHERIFF THOMAS D. ALLMAN, in his individual capacity and against the COUNTY OF MENDOCINO. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343. As well as the court's pendant jurisdiction over the state court causes of action included herein.

    1. It is alleged that THOMAS D. ALLMAN and employees of the COUNTY OF MENDOCINO, violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that these

1

---

**Complaint for Money Damages for Violation of Civil Rights, Dangerous Condition of Public Property; Demand for Jury Trial**

violations and torts were committed as a result of policies and customs of the COUNTY OF MENDOCINO.

### Parties

2. Plaintiff, ROBERT SIMON was, at all material times, a resident of Mendocino County, California.

3. THOMAS D. ALLMAN and the doe defendants were at all times relevant to this complaint duly appointed and acting officers of the Sheriff's department of the COUNTY OF MENDOCINO, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of California and the COUNTY OF MENDOCINO. The individual defendants were, at all times mentioned, further acting within the scope of their employment by the COUNTY OF MENDOCINO. The true identities of the defendants sued herein as Doe defendants are unknown to plaintiff at this time, thus the defendants are sued by such fictitious names. Plaintiff will move the court for an order to substitute the true names for such fictitiously named defendants when such are ascertained.

4. The COUNTY OF MENDOCINO, California, is a political subdivision of the State of California and the public employer of the said individual defendants.

5. On, or about January 24, 2008, plaintiff presented a claim for damages to the Clerk of the County of Mendocino seeking compensation for the injuries below listed. On February 7, 2008 the County of Mendocino rejected plaintiff's claim.

### Facts

6. On, or about November 15, 2007, at approximately 12:30 p.m., plaintiff, who was at that time an inmate in the Mendocino County Jail, was walking through the jail's dining area when he stepped onto an area of floor which had recently been washed. The floor where he stepped was polished concrete and wet, but the fluid on the floor was invisible to a reasonable person. Plaintiff, who was wearing jail issued shoes that were slippery themselves, slipped on the floor and was seriously injured.

7. There were no signs in the area indicating that the floor was wet, or any

2

other indications of the dangerous condition.

8. Plaintiff is informed and believes that defendants employ a policy under which inmates of the Mendocino County jail perform custodial functions.

9. Plaintiff is further informed and believes that defendants have no policy, or so negligently inefficient a policy, pursuant to which dangerous conditions, such as the floor upon which plaintiff slipped, are marked in order to prevent injury to inmates of the jail.

10. As an inmate, plaintiff has no ability to protect himself from dangerous conditions existing in the jail or avoid areas in which dangerous conditions occurred.

11. At the time of his fall, plaintiff was suffering from an unrepaired inguinal hernia which had not, prior to his fall, caused him distress.

12. As a result of his fall his hernia injury was exacerbated to the extent that plaintiff could not stand up, sit or lay down without experiencing excruciating pain.

13. After his fall plaintiff was carried by other inmates to the medical facilities in the jail where he was isolated, without medical care, for nine and one half hours before he was released to go to Frank R Howard Memorial Hospital in Willits, California. Immediately upon his arrival at the hospital he underwent emergency surgery to repair the damage done to him in the fall.

14. As a direct and proximate result of the said acts of the defendants, the plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual conditions of incarceration.

b. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

15. The actions of the defendants violated the clearly established and well settled federal constitutional rights of plaintiff to be free from cruel and unusual punishment.

## COUNT I
### 42 U.S.C. § 1983 Against Individual Defendants

16. Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

17. Plaintiff, Robert Simon, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants THOMAS D. ALLMAN, and the doe defendants, for violation of his constitutional rights under color of law.

## COUNT II
### 42 U.S.C. § 1983 Against County of Mendocino

18. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

19. Prior to November 15, 2007, the County of Mendocino developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the Mendocino County Jail, which caused the violation of plaintiff's rights.

20. It was the policy and/or custom of the County of Mendocino to inadequately and improperly investigate citizen complaints of Deputy Sheriffs' misconduct, and acts of misconduct were tolerated by the County of Mendocino.

21. It was the policy and/or custom of the County of Mendocino to inadequately supervise and train its Sheriff's Department Correctional Staff, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its Sheriff's Department Correctional Staff. The County did not require appropriate in-service training or re-training of officers who were known to have engaged in cruel and unusual punishment of prisoners.

22. As a result of the above described policies and customs, Mendocino County Sheriff employees, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

4

**Complaint for Money Damages for Violation of Civil Rights, Dangerous Condition of Public Property; Demand for Jury Trial**

23. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the County of Mendocino to the constitutional rights of persons within the County's correctional facility, and were the cause of the violations of plaintiff's rights alleged herein.

## COUNT III

## Dangerous Condition of Public Property

24. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

25. The County of Mendocino is the owner of the property on which the accident referred to above occurred.

26. The County of Mendocino, through its employees, had either actual or constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

27. The dangerous condition described in paragraph 6 above was created, or permitted, by employees of Mendocino County.

WHEREFORE, the plaintiff requests that this Court:

**In Counts I and II:**

    a. Award plaintiff the compensatory damages for violation of civil rights in the amount of $1,000,000.00 to plaintiff against the defendants, jointly and severally;

    b. Award plaintiff's costs of this action to the plaintiff;

    c. Award plaintiff reasonable attorney's fees and costs to the plaintiff.

    d. Award plaintiff such other and further relief as this Court may deem appropriate.

**In Count III:**

    a. Award plaintiff damages for his medical expenses and lost wages, as may be proven at trial.

    b. Award plaintiff compensation for his general damages, as may be

5

1 | proven at trial.
2 |         c. Award plaintiff such other and further relief as this Court may deem
3 | appropriate.
4 |     The plaintiff hereby demands a jury trial.
5 |
6 |                                  Respectfully submitted:
7 |
8 | Dated:  June 13, 2008
9 |
10|                             By: _____
                                    JAMES F. DeMARTINI
                                    Attorney for Plaintiff

**Complaint for Money Damages for Violation of Civil Rights, Dangerous Condition of Public Property; Demand for Jury Trial**